

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,809-01

### EX PARTE KEDRIC DEJUAN ROGERS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W17-70756-N(A) IN THE 195TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant originally pleaded guilty to aggravated assault with family violence in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to twenty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Rogers v. State*, No. 05-19-00957-CR (Tex. App. — Dallas June 16, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that adjudication counsel was ineffective for various reasons, including failing to investigate or seek out witnesses identified by Applicant, failing to familiarize herself with the facts of Applicant's case and confusing it with that of another client, and

failing to challenge the allegation that Applicant committed a new offense when the State lacked evidence connecting Applicant to that new offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is supplemented with all relevant documents, specifically including the original plea papers, the order of deferred adjudication, the motion to adjudicate, any written motions filed by adjudication counsel, a transcript of the adjudication proceedings, evidence relied upon to support the allegations in the motion to adjudicate, and any documents relating to the final disposition of the deadly conduct charges used as a basis for adjudicating Applicant guilty. The trial court shall make findings of fact and conclusions of law as to whether adjudication counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 8, 2022
Do not publish